IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD NEUHAUS, LINDA
NEUHAUS and KIMBERLY SNOWDEN,

    Movants,

vs.                             No. MISC 07-0025 FCD GGH

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

    Respondent.              <u>ORDER</u>

_____/

        On April 20, 2007, this court issued an order, determining that it would decide movants' motion to quash SEC subpoenas within seven days thereafter, and granting movants' ex parte application to file the SEC Order of Investigation under seal. That document was ordered to be filed forthwith. Various issues have now come to the court's attention which require further response by the parties before a final order may issue.

        First, the statute governing the motion to quash is the Right to Financial Privacy Act of 1978, which provides:

> If the court finds that the customer has complied with subsection (a) of this section, it shall order the Government authority to file a sworn response. . . .

12 U.S.C. § 3410(b).

Pursuant to the quoted section of the RFPA, the court first is required to determine whether the motion to quash complies with § 3410(a) before the government's response, if any, is filed, and before the seven day period commences to run.  Nothing in §3410(b) permits the government to accelerate the court's required finding pursuant to § 3410(a) by its unilateral, unordered filing of an opposition.  Because the court has not yet made the § 3410(a) determination, the opposition in response filed on April 13, 2007, is premature.  Therefore, the instant order will constitute the order requiring a response.  Movants will be required to file a response to the following issues raised by the pleadings.  Such response shall be filed by close of business on Friday, April 27, 2007.  The court will then issue its final order by May 4, 2007.

Second, the motion to quash appears to seek to quash both subpoenas in full; however, the memorandum of points and authorities states in part, "these parties move to quash the subpoenas except as to the individual account identified in the Tri-Counties' subpoena." Mem. P. & A. at 2:9-10.  If movants are excepting any portion of the two subpoenas from their motion to quash, it is not clear what account(s) they are excepting.  Movants shall clarify what portion of the subpoenas they do not seek to quash, if any.

Third, the April 20, 2007 order directed movants to file the Order of Investigation under seal, *forthwith*.  To date, this document has not been filed.  Movants shall file an electronic response explaining why they did not comply with this order, and further shall respond to the issue raised in the preceding paragraph, by close of business Friday, April 27, 2007.  The SEC may file a response by close of business on Tuesday, May 1, 2007.  Although this court would have been prepared to issue its final order by its original deadline, the aforementioned issues have necessitated a delay.

IT IS HEREBY ORDERED that:

1. Movants shall file a response to the issues raised in this order by close of business Friday, April 27, 2007.

2. The SEC may file a response by close of business Tuesday, May 1, 2007.

1  DATED: April 26, 2007

2
                                          /s/ Gregory G. Hollows
3                                        GREGORY G. HOLLOWS
                                         U. S. MAGISTRATE JUDGE
4

5  GGH:076
   neuhaus0025.res
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26